IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHY GALLAZO-OMAR, Individually and as Next Friend to J. X. O. | § § § | |
| Plaintiff, | § § | Civil Action No. 1:22-CV-00644 |
| | § § | JURY DEMANDED |
| THE HYATT CORPORATION d/b/a HYATT REGENCY LOST PINES RESORT AND SPA | § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff KATHY GALLAZO-OMAR, individually and as next friend to J. X. O. (hereinafter "Plaintiff") brings this Complaint for monetary damages and other relief against Defendant The Hyatt Corporation d/b/a Hyatt Regency Lost Pines Resort and Spa (hereinafter "Hyatt"). Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Kathy Gallazo-Omar, individually and as next friend to J. X. O. are individuals and residents of the State of Texas and maintains a residence at 816 Ridge Point Parkway, Keller, Tarrant County, Texas 76248. Plaintiff has standing and capacity to file this suit and the correct defendant is being sued in its correct capacity.

2. Defendant The Hyatt Corporation d/b/a Hyatt Regency Lost Pines Resort and Spa is a Delaware corporation with its principal place of business at 150 North Riverside Plaza, Chicago, IL 60606. Defendant Hyatt can be served through its registered agent for service of process: United States Corporation Co, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states (Plaintiff is a resident of Texas and Defendant is a resident of the States of Delaware and Illinois) and the amount in controversy exceeds $75,000 exclusive of costs and interest. As such, complete diversity jurisdiction exists.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District because Hyatt operates the Hyatt Lost Pines Resort and Spa resort at property within this District and because the injuries at issue occurred at the Hyatt Lost Pines Resort and Spa.

## FACTS

5. This case arises out of an incident that occurred on July 6, 2020, at the Hyatt Regency Lost Pines Resort and Spa property located at or about 575 Hyatt Lost Pines Road, Lost Pines, Texas, which is near Bastrop, Texas. J. X. O. was twelve (12) years old at the time.

6. At the time of the incident, Plaintiff, her husband, and her children (including J. X. O. ) had been staying and vacationing at the Hyatt Regency Lost Pines Resort and Spa for several days, taking advantage of entertainment and leisure options offered by Hyatt at the resort. Among the things offered by Hyatt to Plaintiff's family and to other patrons and guests were complimentary bicycles that could be ridden on the resort property. On information and belief, Defendant Hyatt owned and maintained the bicycles it provided to patrons and guests of the resort.

7. On the date of the incident, Defendant Hyatt provided Plaintiff and her family bicycles to ride on the resort's property. Defendant Hyatt did not offer Plaintiff or any member of Plaintiff's family bicycle helmets or any other form of protective headgear before, at, or during the

time it provided the bicycles to Plaintiff and his family. Defendant Hyatt also did not warn Plaintiff or any member of Plaintiff's family that the brakes on any of the bicycles were not functioning properly. Defendant Hyatt also did not instruct Plaintiff or any of her family on proper use of the bicycles or parts of Defendant Hyatt's property to avoid or to only navigate at the slowest speeds to avoid risk of injury. Defendant Hyatt provided bicycles without protective gear or warnings even though Defendant Hyatt knew of prior incidents and injuries to patrons while using resort-provided bicycles.

8.    After Defendant Hyatt provided bicycles to Plaintiff and her family, Plaintiff and her family rode the bicycles on the bike trail on Defendant Hyatt's property. As J. X. O. rode the bicycle provided to him by Defendant Hyatt on Defendant Hyatt's property, he navigated a gravel road on a downhill stretch. J. X. O. attempted to slow the bicycle to a safe speed by applying the bicycle's brakes. But unbeknownst to Plaintiff, her husband, or J. X. O., the brakes on the resort-provided bicycle were not operational and did not function properly to reduce the speed of or to stop the bicycle. These failures caused J. X. O. and the resort-provided bicycle to gain speed and strike a tree on Defendant Hyatt's resort property.

9.    J. X. O. struck his head on a tree and was knocked unconscious. When Plaintiff and her husband arrived seconds later to see J. X. O. on the ground, unconscious, Plaintiff and her husband believed that J. X. O. had died. He was "out cold," and it took him some time to regain consciousness. Fortunately, J. X. O. awakened before the ambulance arrived twenty-five minutes after someone called 911.

10.    As a result of the acts and omissions of Defendant Hyatt, Plaintiff suffered serious injuries on July 6, 2020, that required hospitalization and ongoing medical care and treatment. Among other injuries, J. X. O. suffered a fractured skull, has a traumatic brain injury, has required

speech and memory therapy, and he is at an elevated risk of having seizures. On information and belief, J. X. O.'s injuries will affect him for many years if not the rest of his life.

11. Plaintiff suffered the trauma of hearing all or parts of J. X. O.'s wreck, arriving on the scene of the wreck seconds after it occurred, seeing him injured and unconscious, accompanying him through emergency medical treatment in the following days, and navigating follow up care in order to treat J. X. O.'s injuries and attempt to avoid long-term impact to J. X. O.'s health.

## COUNT I – NEGLIGENCE

12. Plaintiff restates and incorporates by reference paragraphs 1-11 as if fully set forth herein.

13. Plaintiff, her husband, and her children (including J. X. O.) were patrons and guests at Defendant Hyatt's resort on July 6, 2020. Defendant Hyatt had a duty to exercise ordinary care in the maintaining the bicycles provided to the resort's patrons and guests including, but not limited to, a duty to ensure that the brakes on the bicycles were in proper working order. Defendant Hyatt also had a duty to provide proper safety gear to the patrons and guests to whom it provided bicycles by the resort, including, but not limited to, a duty to provide bicycle helmets.

14. Defendant Hyatt breached its duty of ordinary care by providing J. X. O. a bicycle with brakes that did not function properly, by failing to provide J. X. O. a bicycle helmet and other protective gear, and by failing to provide instruction or other warnings about potentially unsafe parts of the resort's bike trail or proper use of the resort-provided bicycles in light of the resort's bike trail and/or Defendant Hyatt's failure to maintain .

15. Defendant Hyatt's negligence and breach of duty was the proximate cause and cause-in-fact of the damages sustained by Plaintiffs.

## COUNT II – PREMISES LIABILITY

16. Plaintiff restates and incorporates by reference paragraphs 1-11 as if fully set forth herein.

17. At the time and on the occasion in question, Defendant Hyatt was the owner or in possession of the premises where the incident occurred. Plaintiff, her husband, and her children (including J. X. O.) were invitees of Defendant Hyatt on its resort property, having entered the premises with Defendant Hyatt's knowledge and for their mutual benefit.

18. At the time of the incident, there were one or more conditions on the premises that posed an unreasonable risk of harm to patrons including J. X. O. Those conditions include condition of the bicycles and the improperly functioning or inoperable brakes on the bicycles provided by Defendant Hyatt and/or the condition of the bike trail on Defendant Hyatt's property.

19. Defendant Hyatt knew or reasonably should have known of these dangerous conditions and had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.

20. Defendant Hyatt breached its duty of ordinary care by failing to adequately warn Plaintiff and her family of these dangerous conditions and by failing to make them reasonably safe. Defendant Hyatt's failures proximately caused the incident in question and resulted in J. X. O.'s and Plaintiff's injuries.

## DAMAGES

21. Plaintiff restates and incorporates by reference paragraphs 1-20 as if fully set forth herein.

22. As a result of the injuries caused by Defendant Hyatt, Plaintiff is, individually and as next friend of J. X. O., entitled to recover compensatory damages in an amount that exceeds

the jurisdictional minimum of this Court for each of the following:

    i.    expenses for medical care paid or incurred in the past and that will in reasonable probability be incurred in the future;

    ii.    physical pain sustained in the past and that will in reasonable probability be sustained in the future;

    iii.    loss of earning capacity that will in reasonable probability be sustained in the future;

    iv.    mental anguish sustained in the past and that will in reasonable probability be sustained in the future; and

    v.    bystander damages in the past and that will in reasonable probability be sustained in the future.

## PRAYER

23.    WHEREFORE, Plaintiff requests that Defendant Hyatt be cited to appear and answer and that on final trial Plaintiff have and recover:

    i.    Judgment against Defendant Hyatt for compensatory damages in an amount that exceeds the minimum jurisdictional limits of the Court as more fully set forth above;

    ii.    Prejudgment and post-judgment interest as provided by law;

    iii.    Cost of suit; and

    iv.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ G. Alan Powers*
G. Alan Powers (apowers@bpwlaw.com)
State Bar No. 24005089
Kristy P. Campbell (kcampbell@bpwlaw.com)
State Bar No. 24041684
Scott Lindsey (slindsey@bpwlaw.com)
State Bar No. 24036969

BOYD POWERS & WILLIAMSON

        105 North State Street, Suite B
Decatur, Texas 76234
(940) 627-8308
(940) 627-8092 (facsimile)

**ATTORNEYS FOR PLAINTIFF**